(9 Misc. Rep. 387.)

## BACKUS MANUF'G CO. v. FELDMAN.

(Superior Court of Buffalo, General Term.  July 5, 1894.)

SALE—CONTRACT—RETURN OF GOODS BY PURCHASER.

   Where plaintiff delivered goods at defendant's house under an agreement that they should be returned to plaintiff if they did not fulfill certain conditions, but the place of return was not specified, it will be presumed to have been intended that the goods should be returned to plaintiff at defendant's house.

Appeal from municipal court.

Action by Backus Manufacturing Company against Charles L. Feldman. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

George S. Wardwell, for appellant.

William Armstrong, for respondent.

WHITE, J.  According to the evidence of the defendant, in December, 1892, the defendant made an agreement with the plaintiff whereby it placed in his house, on approval, a natural gas heater, for which the defendant was to pay $40, if it fulfilled certain conditions and proved satisfactory to the defendant, and, if it did not prove satisfactory, then the plaintiff should take it back. The heater did not fulfill the conditions, nor prove satisfactory, and the defendant notified several persons to that effect, who came to inquire about and demand payment for the heater on behalf of the company. A controversy having arisen concerning the arrangement, the defendant promised to pay the plaintiff $10, and return the heater. As the defendant claims, it was to be taken out by the plaintiff. The plaintiff contends: (1) That, conceding the facts to be as testified by the defendant upon the trial below, he became liable to pay for the heater, because he failed to return it to the plaintiff within a reasonable time after discovering that it failed to comply with the warranty; and (2) that the defense of an accord and satisfaction, as pleaded, is not sustained by the evidence. The evidence as to a breach of warranty is very satisfactory, and the finding of the trial court upon that question is well supported. I think the inference of the trial court that the defendant was not bound to return the heater to the plaintiff at any place other than that at which it was delivered to him by the plaintiff is not without evidence to support it. The plaintiff claims it was to be returned by the defendant to the plaintiff. There is not a word of evidence as to where it was to be returned to, nor can it be said that the only inference to be drawn from the evidence of the plaintiff's witnesses themselves is that the defendant was to take the heater back to the place where he first saw it. To my mind, the presumption would be, under such circumstances as are here disclosed, that the plaintiff would expect to receive it back at the place where it delivered it, and such is the import of the evidence of the defendant himself, where he says De Knight came to

the house and disconnected the heater, and promised to "take it out," if the defendant would give him $10. If the claim of the defendant was true, the agreement to pay $10 was without any consideration whatever, in my opinion, for the reason that, if the heater failed to comply with the warranty, the defendant had a perfect right to return it at the place where it was delivered to him, in the absence of an express agreement that it should be returned to the possession of the plaintiff at some other place. I am also of the opinion that the notice given by the defendant to the employés who came to demand payment for the heater was sufficient, especially as the fact of such notice came to the managing agent. The question as to the sufficiency of the notice seems to me to have but slight, if any, analogy to that which arises concerning the acts of an agent being within or without the scope of his authority. The efficacy of the notice in this case would not seem to be dependent upon the means by which it was given, but rather upon the fact of its having been received by Mr. Bell, the managing agent for the plaintiff, and he testifies that he called several times to see the defendant at his office, between December and April, in consequence of such a notice through Halpin, who made the contract originally with the defendant, and Halpin says the first dispute about the heater occurred about the 1st of February. And while Halpin testifies that no dissatisfaction was expressed by the defendant, except as to some of the apparatus not being furnished, and which was afterwards furnished, it is at variance with the defendant's version of the matter. There was a failure to establish an accord and satisfaction, as pleaded by the defendant, but the judgment appealed from is supported by evidence, and unless it was incumbent upon the defendant to return the heater to the plaintiff at a place different from that at which he received it,—and I do not think it was,—the judgment is right upon the merits, and should be affirmed, with costs. All concur.